# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAULETTE DILWORTH, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-03081 |
| ALLIED INTERNATIONAL CREDIT CORP., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, PAULETTE DILWORTH ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, ALLIED INTERNATIONAL CREDIT CORP. ("Allied"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Allied's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and FDCPA because the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law ICFA claim pursuant to 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Allied conducts business in this District and a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

5. Plaintiff is a consumer and natural person who at all times relevant resided in the Northern District of Illinois.

6. Allied is an accounts receivable management firm that offers first and third-party collections services to clients across Canada, the United Kingdom, the United States, and the Philippines. Allied's principal place of business is located at 2338 West Royal Palm Road, Suite J, Phoenix, Arizona. Allied regularly engages in collection activity directed at American consumers, including Illinois consumers.

**FACTS SUPPORTING CAUSE OF ACTION**

7. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 1562. Plaintiff is and has always been financially responsible for her cellular phone and its services.

8. On October 2, 2015, Plaintiff visited a MetroPCS Wireless store to purchase a cellular phone.

9. At the store, a MetroPCS agent offered to lease Plaintiff a cellular phone for a flat monthly fee.

10. The MetroPCS agent represented to Plaintiff that lease would be through MetroPCS and that the lease payments would be made directly to MetroPCS.

11. Based on the MetroPCS agent's representations, Plaintiff agreed to lease a cellular phone from MetroPCS.

12. In December 2015, Plaintiff started receiving calls to her cellular phone from an entity that was holding itself out as SmartPay Leasing, Inc. ("SmartPay").

13. Plaintiff was perplexed by SmartPay's calls because Plaintiff has never had any business or contractual relationship with SmartPay.

14. Plaintiff later discovered that it was Allied that was placing the calls to her cellular phone on behalf of SmartPay, attempting to collect overdue lease payments allegedly owed by Plaintiff to SmartPay.[1]

15. In December 2015, Plaintiff answered a call from Allied to determine why it was calling her cellular phone.

16. During this call, Plaintiff said "hello," but nobody responded and the line disconnected.

17. Allied's calls persisted, up to 5 calls a day, and Plaintiff continued to answer the phone, up to 5 times a day, in an effort to determine why Allied was calling her. Plaintiff was never able to speak to a representative when she answered Allied's calls. Specifically, the line would always disconnect as soon as Plaintiff answered the phone.

18. On April 15, 2016, frustrated and annoyed by the calls, Plaintiff placed a call to Allied to determine why Allied keeps calling her and hanging up on her when she picks up.

19. In that call, Plaintiff advised "Ian", an Allied representative, that Allied is calling her multiple times per day and that she retained counsel to end Allied's calls.

20. Undeterred, Allied continued placing daily calls to Plaintiff's cellular phone.

21. At no time did Plaintiff provide SmartPay and/or Allied with her cellular phone number or have any relationship with SmartPay and/or Allied.

---

[1] Plaintiff discovered that Allied was the entity placing calls to her through the discovery process in litigation initiated by Plaintiff against SmartPay. The litigation against SmartPay is currently in arbitration.

22. Between December 22, 2015 and May 5, 2016, Allied placed no less than 287 calls to Plaintiff's cellular phone.

23. The frequency of Allied's calls to Plaintiff's cellular phone severely disrupted Plaintiff's everyday life and general well-being.

24. Allied's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. Moreover, Allied's calls have caused numerous conflicts between Plaintiff and her significant other. Specifically, the persistent calls to Plaintiff's cellular phone led Plaintiff's significant other to believe that Plaintiff was not being faithful to him.

26. As a result of Allied's actions, Plaintiff has been forced to expend time and energy to retain counsel, and has incurred attorney's fees and costs.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as fully set forth herein.

28. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. Upon information and belief, based on the fact that Plaintiff was never able to speak to a live agent when she answered Allied's calls (calls would immediately disconnect), Allied used a predictive dialing system to place calls to Plaintiff's cellular phone.

31. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

32. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

33. Allied violated the TCPA by placing no less than 287 calls to Plaintiff's cellular phone between December 22, 2015 and May 5, 2016, using an ATDS without Plaintiff's express consent.

34. As stated above, Plaintiff has no relationship with SmartPay and/or Allied and has never provided them with her cellular phone number.

35. As pled above, Plaintiff was substantially harmed by Allied's calls to her cellular phone.

36. Pursuant to 47 U.S.C. §227(b)(3)(B), Allied is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Allied's willful and knowing violations of the TCPA should trigger this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, PAULETTE DILWORTH, requests that this Honorable Court:

a. Declare Allied's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 26 as fully set forth herein.

38. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

39. The debt that Allied was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it was allegedly incurred for a personal purpose (lease for cellular phone).

40. Allied is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

   **a. Violations of FDCPA §1692d**

41. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

42. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

43. Allied violated §§1692d and d(5) when it placed no less than 287 calls between December 22, 2015 and May 5, 2016 to Plaintiff's cellular phone attempting to collect a debt that Plaintiff does not owe.

44. Allied's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff as demonstrated by (1) the fact that Plaintiff was never afforded the opportunity to speak to a live agent when she picked up Allied's calls (call would immediately disconnect after Plaintiff answered); and (2) Allied's refusal to cease placing calls to Plaintiff after Plaintiff notified Allied that they were calling her multiple times per day and that she retained an attorney to cease Allied's calls.

### b. Violations of FDCPA §1692c(a)(2)

45. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer after the debt collector is notified that the consumer is represented by counsel.

46. Allied violated §1692c(a)(2) by continuing to place calls to Plaintiff after Plaintiff notified Allied that she is represented by counsel during the phone call Plaintiff made to Allied to inquire as to the reason Allied was calling her.

### c. Violations of FDCPA §1692e

47. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

48. Section 1692e(14) of the FDCPA specifically prohibits a debt collector from using any name other than the true name of the debt collector's business.

49. Allied violated §1692e(14) by using a name other than the true name of its business when it falsely held itself out to be SmartPay during the call that Plaintiff made to Allied.

### d. Violations of FDCPA §1692g

50. Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

51. Allied violated §1692g by failing to send Plaintiff the 30-day validation notice within five days of Allied's first communication with Plaintiff, which was on December 22, 2015 (Allied's first phone call to Plaintiff).

### e. Violations of FDCPA §1692f

52. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

53. Allied violated §1692f by employing unfair and unconscionable means to attempt to collect a debt that is not owed by Plaintiff by placing no less than 287 collection calls to Plaintiff's cellular phone number from December 22, 2015 through May 5, 2016.

54. As pled above, Plaintiff was harmed by Allied's unfair collection practices.

WHEREFORE Plaintiff, PAULETTE DILWORTH, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

55. Plaintiff restates and realleges paragraphs 1 through 26 as fully set forth herein.

56. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

57. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

58. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

59. Allied is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f). Specifically, Allied is a debt collector that collects alleged

debts owed by Illinois consumers, an activity which is within the stream of commerce and Allied's regular course of business.

### a. Unfairness and Deception

60. It was unfair for Allied to place up to 5 calls a day to Plaintiff's cellular phone.

61. It was unfair for Allied to attempt to collect a debt that was not owed by Plaintiff by placing no less than 287 calls to Plaintiff's cellular phone between December 22, 2015 and May 5, 2016.

62. It was unfair for Allied to place no less than 287 calls to Plaintiff's cellular phone without her consent.

63. It was unfair and deceptive for Allied to falsely hold itself out as SmartPay.

64. Plaintiff had no choice but to submit to Allied's phone calls. Specifically, the only option available to Plaintiff to escape Allied's phone calls was to turn off her cellular phone. However, given the imperative function cellular phones play in today's society, Plaintiff had no reasonable alternative other than to submit to Allied's phone calls.

65. The phone harassment campaign Allied unleashed on Plaintiff was against public policy, unethical, and oppressive.

66. As pled above, Plaintiff was substantially harmed by Allied's unfair conduct.

67. Upon information and belief, Allied systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts.

68. Upon information and belief, placing unsolicited and harassing cellular phone calls to consumers is an unfair business practice willfully employed by Allied and is done on a mass scale.

69. An award of punitive damages is appropriate because Allied's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the continued harassing calls.

WHEREFORE Plaintiff, PAULETTE DILWORTH, requests that this Honorable Court:

a. Enter judgment in her favor and against Allied;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 30, 2018

Respectfully Submitted,

/s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, Illinois 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com